UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| INTERNET PATENTS CORPORATION,<br><br>  Plaintiff,<br><br>  vs.<br><br>EBAGS, INC. and TELLAPART, INC.,<br><br>  Defendants. | Case No: C 12-03385 SBA<br><br>**ORDER GRANTING MOTION TO STAY PENDING REEXAMINATION**<br><br>Docket 47 |

Plaintiff Internet Patents Corporation ("Plaintiff") brings the instant patent infringement action against Defendants eBags, Inc. ("eBags") and TellApart, Inc. ("TellApart") (collectively, "Defendants") alleging infringement of U.S. Patent No. 6,898,597 ("the '597 Patent" or "patent-in-suit"). The parties are presently before the Court on Defendants' motion to stay pending reexamination proceedings by the United States Patent and Trademark Office ("PTO"). Dkt. 47. Plaintiff opposes the motion. Dkt. 50. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendants' motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

  A.  **Factual Background**

eBags operates an e-commerce website and promotes itself as the world's largest online retailer of bags, such as handbags and computer cases, and accessories. FAC at 3, Dkt. 38. TellApart markets and sells to e-commerce websites its technology for collecting data about customers so that websites can capture and store a complete picture of user

activity having business significance.  Id. at 3-4.  According to Plaintiff, eBags uses TellApart's technology to capture and store data concerning website user activity.  Id. at 4.

In 1999, Plaintiff, formerly known as InsWeb Corporation, began operating an online insurance marketplace that enabled consumers to shop online for a variety of insurance products, and to obtain insurance company-sponsored quotes for actual coverage. First Am. Compl. at 3.  In developing its website, Plaintiff alleges that it invented several new, unique and innovative technologies, including particular event logging technology that monitors and collects data concerning the occurrence of predefined website usage activity and events by consumers.  Id.

On May 24, 2005, the PTO issued the '597 Patent, titled "Event Log."  FAC at 3. The '597 Patent discloses "[a]n event logging system that monitors for the occurrence of predefined web site usage events having some business significance, records the occurrence of those events, and also records the events' associated context information. . . ."  FAC, Exh. A.  According to Plaintiff, it holds all right, title and interest in the '597 Patent.  Id. at 3.

**B.    Procedural History**

On June 29, 2012, Plaintiff commenced the instant action.  Dkt. 1.  On February 1, 2013, Plaintiff filed an amended complaint alleging two claims for patent infringement. See FAC.  Specifically, Plaintiff alleges that eBags is liable for direct infringement of the '597 Patent.  See FAC at 4-5.  In addition, Plaintiff alleges that TellApart is liable for direct infringement, inducing infringement, and contributory infringement of the '597 Patent.  Id. at 5-6.

On February 12, 2013, eBags and TellApart each filed an answer to the FAC, and eBags asserted counterclaims for non-infringement and invalidity.  Dkt. 43, 44.  On April 29, 2013, Defendants submitted a request to the PTO for *ex parte* reexamination of the '597 Patent.  Fitzpatrick Decl. ¶ 3, Exh. A.  On April 30, 2013, Defendants filed the instant motion for a stay pending reexamination proceedings by the PTO.  Dkt. 47.  On May 30, 2013, the PTO granted Defendants' request for *ex parte* reexamination, finding that "[a]

substantial new question of patentability affecting claims 1-2, 4-28, and 30 of [the '597 Patent] is raised by the request for *ex parte* reexamination.  See Dkt. 52, Exh. A.

## II.   LEGAL STANDARD

A district court has the discretion to stay judicial proceedings pending reexamination of a patent.  Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008).  In determining whether to grant a stay pending reexamination, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.  Spectros Corp. v. Thermo Fisher Scientific, Inc., 2010 WL 338093, at *2 (N.D. Cal. 2010) (Armstrong, J.).  A trial court's order staying an infringement suit pending the completion of reexamination proceedings is not appealable.  See Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983), cert. denied, 464 U.S. 935 (1983).

## III.   DISCUSSION

### A.   Stage of the Litigation

The first factor examines "whether discovery is complete and whether a trial date has been set."  There is a liberal policy in favor of granting motions to stay proceedings pending reexamination of a patent, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery.  Yodlee, Inc. v. Ablaise Ltd., 2009 WL 112857, at *2 (N.D. Cal. 2009) (Armstrong, J.).  Here, while Plaintiff commenced this action in June 2012, Plaintiff did not serve Defendants until late October 2012, approximately six months before the instant motion was filed.  No dispositive motions or claim construction briefs have been filed,[1] and no trial date has been set.  Though discovery has commenced,[2] it is still within the early stages and a discovery cut-off date has not been established.  The fact that the stay is being sought at a relatively early

---

[1] The *Markman* hearing is currently scheduled for October 24, 2013.  Dkt. 40

[2] Plaintiff does not dispute Defendants' contention that no discovery had been conducted at the time the instant motion was filed.

1  stage of this litigation when no substantive proceedings have taken place and no pretrial or
2  trial deadlines have been established militates in favor of a stay.  See Ho Keung Tse v.
3  Apple Inc., 2007 WL 2904279, at *2-3 (N.D. Cal. 2007) (Armstrong, J.) ("A stay is
4  particularly appropriate for cases in the initial stages of litigation or in which there has been
5  little discovery."); KLA-Tencor Corp. v. Nanometrics, Inc., 2006 WL 708661, at *2 (N.D.
6  Cal. 2006) (granting stay where discovery had just begun); Target Therapeutics, Inc. v.
7  SciMed Life Sys., Inc., 1995 WL 20470, at *2 (N.D. Cal. 1995) (holding that the absence
8  of significant discovery or substantial expense and time invested in the litigation weighed
9  in favor of stay); ASCII Corp. v. STD Entm't USA, Inc., 844 F.Supp. 1378, 1381 (N.D.
10  Cal. 1994) (granting stay where the parties had undertaken little or no discovery).

### B. Simplification of the Issues and Trial

The second factor examines "whether a stay will simplify the issues in question and trial of the case."  As explained by the Federal Circuit: "[o]ne purpose of the reexamination procedure is to eliminate trial of [an] issue (when [a] claim is canceled) or to facilitate trial . . . by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."  Gould, 705 F.2d at 1342; see also Ho Keung Tse, 2007 WL 2904279, at *3 ("Waiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate the trial by providing the Court with the opinion of the PTO and clarifying the scope of the claims.").

Here, if the PTO cancels all twenty-seven of the asserted claims of the '597 Patent, this action will be rendered moot.[3]  Should the PTO cancel or narrow any of the asserted claims of the '597 Patent, the scope of this litigation may be significantly simplified.  See AT & T Intellectual Property I v. Tivo, Inc., 774 F.Supp.2d 1049, 1053 (N.D. Cal. 2011)

---

[3] In its Preliminary Infringement Contentions, Plaintiff asserts infringement of twenty-seven of the thirty claims of the '597 Patent.  Fitzpatrick Decl. ¶ 2.  Specifically, Plaintiff asserts infringement of claims 2, 4-28 and 30.  Id.  In granting Defendants' request for reexamination, the PTO found that the request raised "[a] substantial new question of patentability affecting claims 1, 2, 4-28, and 30 of [the '597 Patent]."  See Dkt. 52, Exh. A.  Thus, the PTO has found that all twenty-seven of the asserted claims of the '597 Patent require reexamination.

(Armstrong, J.); Ho Keung Tse, 2007 WL 2904279, at *3.  The statistics proffered by Defendants show that it is quite likely that the reexamination process will alter the patent claims at issue in this case in some respect.  When the PTO decides a patent should undergo *ex parte* reexamination, it cancels all claims in approximately 11% of all reexaminations and modifies claims in approximately 67% of all reexaminations.  Fitzpatrick Decl., Exh. B, Dkt. 47-3.  In other words, in 78% of all *ex parte* reexaminations, the PTO either cancels or modifies the claims at issue.  Thus, waiting for the outcome of the reexamination proceedings could eliminate the need for trial or claim construction on some or all of the asserted patent claims, or, if the claims survive reexamination, simplify the litigation by providing the Court with the opinion of the PTO and clarifying the scope of the claims.  Ho Keung Tse, 2007 WL 2904279, at *3 (citing cases); see also Microsoft Corp. v. Tivo Inc., 2011 WL 1748428, at *4 (N.D. Cal. 2011).

Plaintiff contends that a stay is not warranted because "there is a high probability that [it] would continue to assert that Defendants infringe the claims resulting from the reexamination."  Pl.'s Opp. at 11-12.  However, a stay is not contingent upon the reexamination proceeding resolving every claim and issue in this action.  Rather, the salient question is whether the reexamination will aid the Court or otherwise streamline the litigation.  See Sonics, Inc. v. Arteris, Inc., 2013 WL 503091, at *2 (N.D. Cal. 2013) (Armstrong, J.) ("should the PTO cancel any of the asserted claims of the patents-in-reexamination or narrow any of the asserted claims in the patents-in-reexamination, the scope of this litigation may be significantly simplified."); AT & T Intellectual Property I, 774 F.Supp.2d at 1053 (rejecting argument that a stay was inappropriate because the reexamination proceedings are unlikely to cancel or modify all of the patent claims at issue).

Given the early stage of the litigation, the Court is unfamiliar with the technology at issue in this case.  Thus, regardless of the outcome of the reexamination proceedings, the Court's interest in simplifying the proceedings by waiting for the PTO to reexamine the asserted claims weighs in favor of granting a stay.  If the PTO finds that some or all of the

asserted claims of the '597 Patent are invalid or subject to modification, the Court will have wasted resources and the parties will have expended funds addressing invalid claims or claims subsequently modified during reexamination. Ho Keung Tse, 2007 WL 2904279, at *4. On the other hand, if the PTO upholds the validity of the asserted claims, this is strong evidence that the court must consider in assessing whether the party asserting invalidity has met its burden of clear and convincing evidence. Id. Moreover, the PTO's expert opinion will provide guidance for the Court on the pertinent issues. Therefore, it is likely that the *ex parte* reexamination will at least streamline this case, thereby conserving the resources of the parties and promoting the interests of judicial economy. Furthermore, the granting of a stay will avoid the possibility of inconsistent results. See Microsoft, 2011 WL 1748428, at *5 (noting that since it is possible that this Court and the PTO could reach inconsistent conclusions regarding the same patent, there is a significant concern of wasting resources by proceeding forward) (quotation marks omitted). Accordingly, the Court finds that this factor weighs in favor of a stay.

### C. Prejudice and Tactical Concerns

The third factor examines "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." Plaintiff contends that the delay inherent in *ex parte* reexamination proceedings is itself prejudicial, noting that the reexamination process could take over two years to complete and evidence could be lost and witnesses' memories could fade. Pl.'s Opp. at 8-9. However, the prejudice claimed by Plaintiff applies to any case where reexamination is sought. It is for that reason that courts have refused to find undue prejudice based solely on delay caused by the reexamination process. See A T & T Intellectual Property I, 774 F.Supp.2d at 1054 (citing cases). Moreover, parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework. Id. Here, Defendants are legally entitled to invoke the reexamination process, and the PTO has agreed to reexamine twenty-eight of the thirty claims of the patent-in-suit, including all twenty-seven of the asserted claims in this action. Id.

Because the delay inherent in the reexamination process does not constitute undue prejudice, courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent. AT & T Intellectual Property I, 774 F.Supp.2d at 1054. In this regard, Plaintiff argues that Defendants waited nearly a year to file a request for *ex parte* reexamination after commencing the instant action and have offered no excuse for this delay. Pl.'s Opp. at 1. Contrary to Plaintiff's contention, Defendants have not unduly delayed in seeking reexamination. Defendants filed their request for reexamination approximately six months after being served with the complaint. The request was filed less than two months after Defendants were served with Plaintiff's preliminary infringement contentions,[4] and approximately two weeks before Defendants' invalidity contentions were due  See Ho Keung Tse, 2007 WL 2904279, at *4 (finding no dilatory motive when defendants filed their request for reexamination three months after they served their invalidity contentions). This is not the type of case where reexamination was sought on the eve of trial or after protracted discovery. See Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc., 2007 WL 1655625, at *4 (N.D. Cal. 2007) (parties should not be permitted to abuse the reexamination process by applying for reexamination after protracted, expensive discovery or trial preparation).

Additionally, Plaintiff argues that "Defendants' insistence on filing their motion before the PTO . . . accepted their request for reexamination is proof that the motion is nothing more than a dilatory tactic to cause delay in these proceedings." Pl.'s Opp. at 4-5.

---

[4] Defendants assert that Plaintiff's infringement contentions were produced on March 8, 2013. Fitzpatrick Decl. ¶ 2. Plaintiff disagrees, contending that its infringement contentions were produced on February 8, 2013. Adams Decl. ¶ 5. In response, Defendants submitted e-mail correspondence between counsel dated January 31, 2013 wherein Plaintiff's counsel suggests that infringement contentions be due forty-five days after the Case Management Conference scheduled for February 7, 2013. See Fitzpatrick Decl. ¶ 3, Exh. H, Dkt. 51-3. On January 31, 2013, the parties filed a Joint Case Management Conference Statement in which the parties proposed that Plaintiff's infringement contentions be due on March 8, 2013. Dkt. 35-1. The Court subsequently issued an Order adopting the parties' proposed deadline. Dkt. 49. In light of the foregoing, and given the lack of evidence substantiating Plaintiff's assertion that it produced its infringement contentions on February 8, 2013, the Court will assume for purposes of the instant motion that Plaintiff's infringement contentions were served on March 8, 2013.

The mere filing of a motion to stay prior to the acceptance of a reexamination request by the PTO, without more, is not suggestive of a dilatory or otherwise improper motive. Ho Keung Tse, 2007 WL 2904279, at *2 ("In light of the 'liberal policy' favoring stays pending reexamination, a court can grant a stay even if the Patent Office is still considering whether to grant a party's reexamination request.") (citing cases). Plaintiff has not offered any evidence or persuasive argument showing that the timing of the instant motion is "a dilatory tactic meant to disadvantage [Plaintiff]."

Plaintiff also argues that Defendants' decision to request *ex parte* reexamination instead of the new *inter partes* review proceeding[5] demonstrates that Defendants are purposefully seeking to delay this case and "put Plaintiff at a strategic disadvantage." Pl.'s Opp. at 5-7. According to Plaintiff, the Defendants' motion to stay is "a tactical move to push [it] to settle this dispute." Id. at 7. Id. Plaintiff, however, has failed to show that Defendants requested *ex parte* reexamination or filed the instant motion for the purpose of delaying this action. Nor has Plaintiff shown that a stay would subject it to a clear tactical disadvantage. As noted above, Defendants are legally entitled to invoke the reexamination process. The fact that Defendants have done so does not in and of itself suggest a dilatory motive. There is simply no evidence suggesting that Defendants requested *ex parte* reexamination as a dilatory tactic or that a stay would present a clear tactical disadvantage to Plaintiff.

The Court is not persuaded by Plaintiff's argument that Defendants' decision to request *ex parte* reexamination demonstrates a dilatory motive because the new *inter partes* review process is considerably "quicker and more efficient" than the *ex parte* reexamination process. Plaintiff has failed to provide a basis for the Court to conclude that Defendants' decision to request *ex parte* reexamination was tactically motivated to delay this case. Moreover, there is no evidence before the Court demonstrating that the new *inter partes*

---

[5] Effective September 16, 2012, the Leahy-Smith America Invents Act amended the *inter partes* reexamination process and renamed it the *inter partes* review process. See Universal Electronics, Inc. v. Universal Remote Control, Inc.,--- F.Supp.2d ----, 2013 WL 1876459, at *1-2 (C.D. Cal. 2013) (discussing the new *inter partes* review process).

review process is actually "quicker" than the *ex parte* reexamination process.  The evidence before the Court shows that the average *ex parte* reexamination pendency (filing date to certificate issue date) is 25.4 months and the median pendency is 19.6 months.  Adams Decl., Exh. B.[6]  According to Plaintiff, the *ex parte* reexamination process will take twice as long as the new *inter partes* review process, citing 35 U.S.C. § 316(a)(11).  However, Plaintiff has not offered any evidence to support this assertion, such as the average or median pendency of the new *inter partes* review process.[7]  While the new *inter partes* review process is normally required to be completed not later than a year after the PTO notices the institution of a review, see id., the statutory scheme contemplates that the review process (filing date to certificate issue date) may take up to 24 months to complete before any appeal is filed.[8]

Finally, Plaintiff argues that it will be prejudiced by a stay because it has already invested substantial time and expense in litigating this case.  Pl.'s Opp. at 9-10.  Plaintiff, however, has failed to show that it will suffer undue prejudice from a stay due to the time and expense it has already invested in this case.  In fact, the Court finds that Plaintiff cannot legitimately claim any prejudice resulting from a stay.  Plaintiff does not dispute Defendants' contention that it is a non-practicing entity whose business consists "solely of

---

[6] In an *ex parte* reexamination proceeding, third-party requesters such as Defendants are not allowed to appeal a decision by the PTO.  See Cooper Techs. Co. v. Dudas, 536 F.3d 1330, 1332 (Fed. Cir. 2008); Network Appliance Inc. v. Sun Microsystems Inc., 2008 WL 2168917, at *3 n. 1 (N.D. Cal. 2008).

[7] This is not surprising given that the Leahy-Smith America Invents Act became effective on September 16, 2012.

[8] After a party has filed a petition requesting *inter partes* review, the patent owner has three months to file a preliminary response opposing the request.  See 35 U.S.C. § 313; 37 C.F.R. § 42.107(b).  The PTO "shall determine whether to institute an *inter partes* review . . . within 3 months after-- (1) receiving a preliminary response to the petition [from the patent owner] under section 313; or (2) if no such preliminary response is filed, the last date on which such response may be filed."  35 U.S.C. § 314(b).  The statute further provides that "the final determination in an *inter partes* review be issued not later than 1 year after the date on which the [PTO] notices the institution of a review . . ., except that the [PTO] may, for good cause shown, extend the 1-year period by not more than 6 months. . . ."  35 U.S.C. § 316(a)(11).  A party dissatisfied with the PTO's final determination may appeal the decision to the Federal Circuit.  35 U.S.C. § 319; 35 U.S.C. § 141(c).

licensing and otherwise enforcing its patent portfolio."  Fitzpatrick Decl. ¶ 6, Exh. D. "Courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement."  See Pragmatus AV, LLC v. Facebook, Inc., 2011 WL 4635512, at *3 (N.D. Cal. 2011) (quoting Implicit Networks Inc. v. Advanced Micro Devices, Inc., 2009 WL 357902, at *3 (W.D. Wash. 2009) (citing cases)).

In sum, because Plaintiff has not shown that it will be unduly prejudiced or that it will be subject to a clear tactical disadvantage if a stay is imposed, the Court finds that this factor weighs in favor of a stay.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to stay pending reexamination proceedings is GRANTED.  This action is STAYED pending final exhaustion of the pending reexamination proceedings on the '597 Patent.

2. The Clerk shall ADMINISTRATIVELY CLOSE the file.

3. The parties are instructed to submit status reports to the Court every six (6) months, apprising the Court of the status of the pending reexamination proceedings.

4. Upon final exhaustion of the pending reexamination proceedings, the parties shall jointly submit to the Court, within two (2) weeks, a letter requesting that this action be reopened and a case management conference be scheduled.

5. This Order terminates Docket 47.

IT IS SO ORDERED.

Dated:  8/28/2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge